UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUCILIA CONCEICAO SANTOS,<br><br>     Plaintiff,<br><br>vs.<br><br>CARLOS SALAZAR, in his individual and official capacity as a New Mexico State Police Officer, JOHN DOES 1 – 10, in their individual and official capacities 1 - 10,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL OF ACTION

  Pursuant to 28 U.S.C § 1441(b) and 1446(a), Defendant, Carlos Salazar, (hereinafter referred to as "Defendant Salazar"), through his attorneys SaucedoChavez, P.C. (Christopher T. Saucedo, Esq. and Andrea I. Gunderson, Esq.), hereby removes this civil action from First Judicial District Court of Santa Fe County, New Mexico entitled <u>Jucilia Conceicao Santos v. Carlos Salazar, in his individual and official capacity as a New Mexico State Police Officer, John Does 1-10, in their individual and official capacities 1-10</u> and docketed as Case Number D-0101-CV-2012-01588, to the United States District Court for the District of New Mexico. In support of his removal, Defendant states as follows:

  1. This civil action was commenced by Plaintiff against Defendant on June 4, 2012, in New Mexico's First Judicial District Court, Santa Fe County. The case is now pending in that court.

2. Plaintiff is an individual residing in the City of Santa Fe, State of New Mexico.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant Salazar pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff alleges violations of her rights as protected under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Defendant was served with a copy of the Complaint upon his counsel of record, and this Notice of Removal is filed within 30 days after Defendants' counsel received a copy of the Complaint and thus is timely filed pursuant to 28 U.S.C § 1446(b).

5. In accordance with 28 U.S.C. § 1446(b) Defendant will provide written notice of removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the First Judicial District Court of Santa Fe County, New Mexico.

6. Defendant Salazar, contemporaneously with the filing of this Notice, submitted copies of all process, pleadings, and orders served upon Defendant Salazar in the action pending in state court. This material is attached hereto as Exhibit "A."

7. Defendant Salazar attaches this Court's Civil Cover Sheet to this Notice as Exhibit "B."

**WHEREFORE**, Defendant Salazar respectfully removes this action to this Court for further proceedings according to law.

Dated: September 7, 2012

Respectfully submitted,

**SAUCEDOCHAVEZ, PC**

By: /s/Christopher T. Saucedo
    Christopher T. Saucedo
    Andrea I. Gunderson
100 Gold Avenue SW, Suite 206
Albuquerque, NM 87102
(505) 338-3945
Email: csaucedo@saucedochavez.com
Email: agunderson@saucedochavez.com

*Attorneys for Defendant Carlos Salazar*

We hereby certify that on September 7, 2012, the foregoing was filed electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

Richard A. Sandoval
**THE LAW OFFICE OF RICHARD A. SANDOVAL**
200 West DeVargas, Suite 7
Santa Fe, NM 87501
(505) 795-7790

By: /s/ Christopher T. Saucedo
    Christopher T. Saucedo

3

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/4/2012 4:13:40 PM
STEPHEN T. PACHECO
jam

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

JUCILIA CONCEICAO SANTOS,

          PLAINTIFF,

V.                   D-101-CV-2012-01588

CARLOS SALAZAR, in his individual
and official capacity as a New Mexico State
Police Officer, JOHN DOES 1 - 10, in their
individual and official capacities 1 – 10,

          DEFENDANT.

## COMPLAINT FOR VIOLATION OF CONTITUTIONAL RIGHTS, ASSAULT, BATTERY, NEGLIGENT TRAINING AND SUPERVISION, AND PUNITIVE DAMAGES

COMES NOW the Plaintiff, Jucilia Conceicao Santos, by and through her attorneys of record, The Law Office of Richard A. Sandoval, LLC (Richard A. Sandoval), and for her causes of action, states as follows:

1.    Plaintiff, Jucilia Conceicao Santos (herein referred to as "Plaintiff"), is a resident of the City of Santa Fe, State of New Mexico.

2.    Defendant Officer Carlos Salazar (hereinafter referred to as "Officer Salazar") is a resident of the State of New Mexico and a police officer employed by the New Mexico State Police Department.

3.    Defendant New Mexico State Police John Does, are supervisors employed by the New Mexico State Police Department and were responsible for hiring, training, and supervising Officer Salazar.

1



4. At all times alleged herein, Officer Salazar was acting in his capacity as a police officer for the State of New Mexico.

5. Jurisdiction and venue are proper with this Court.

## STATEMENT OF FACTS

6. On August 15, 2010, Plaintiff, Jucilia Conceicao Santos, was a thirty-eight year old single mother and native from Brazil. She has lawfully resided in the United States for seventeen years.

7. At approximately 22:49, Officer Salazar was dispatched to Route 66 Casino where a Pueblo of Laguna Police Officer had detained Plaintiff due to a traffic violation.

8. Officer Salazar, who was acting in the course and scope of his employment as a New Mexico State Police Officer, detained Plaintiff and administered a series of tests leading him to believe Ms. Santos may be intoxicated.

9. Officer Salazar placed Ms. Santos into custody. While Ms. Santos was in custody, Officer Salazar made several comments regarding how beautiful Ms. Santos was.

10. In addition to taking Plaintiff into custody, Officer Salazar also placed her passenger, Reina Roybal, into his vehicle and transported her to the New Mexico State Police headquarters in Albuquerque. On information and belief, Ms. Roybal was not charged with any criminal offenses or under arrest. As such, her transport was in violation of New Mexico State Police standard operating procedures.

11. While Ms. Roybal was outside of the headquarters smoking a cigarette, Officer Salazar took Plaintiff to the women's restroom, entered the room with her, and

stood in front of the door. Officer Salazar sexually assaulted Plaintiff by exposing himself, touched Plaintiff's breasts, pulled Plaintiff's hair, and had Ms. Santos touch him in an inappropriate sexual manner, and requested sexual favors from Plaintiff.

11. Although Officer Salazar booked the Plaintiff, he drove her passenger, Reina Roybal, to various hotels around Albuquerque and helped her secure a room with his police discount.

12. While criminal charges were pending against Ms. Santos as a result of Officer Salazar's arrest, Officer Salazar repeatedly called Plaintiff and sexually harassed her and offered to help her out with the pending criminal charges.

13. In two recorded conversations, after identifying himself as Officer Salazar with the New Mexico State Police, Officer Salazar reminded Plaintiff that the criminal charges were still pending, that he has a court hearing on her case in the future, and that he is trying to help her out.

14. Before he proceeded to interview her, Officer Salazar never informed the Plaintiff of her constitutional right to remain silent or her right to have an attorney present during questioning.

15. Plaintiff informed Officer Salazar that she was represented by an attorney and gave Officer Salazar her name.

16. Officer Salazar continued to question Plaintiff even though she told him she was stressed out.

17. Officer Salazar told the Plaintiff he thought they "hit it off" on the night of her arrest (while she was in custody and allegedly intoxicated).

18. Officer Salazar repeatedly asked Plaintiff what time she goes to bed.

19. Despite the fact that he knew Plaintiff was represented by counsel in the criminal proceedings, Officer Salazar instructed Plaintiff "not to tell" anybody of his contact with her.

20. Officer Salazar repeatedly stated he wanted to help her out in order to get the charges dismissed.

21. Officer Salazar then instructed Plaintiff not to tell her attorney that he had been contacting her and that when the time comes, he would talk to her attorney.

22. Officer Salazar told Plaintiff that he was now working in Santa Fe and would like to stay friends, stay in touch, and that he would help her out as much as he can if she's interested.

23. Officer Salazar also indicated that he wanted to get together with the Plaintiff and stated he "does not know if she stays up late," and repeatedly asked Plaintiff what time she goes to bed.

24. Plaintiff told Officer Salazar that she was very stressed out and having problems sleeping. Plaintiff also told Officer Salazar that she "didn't think she deserved that" (what happened on the night of her arrest). Officer Salazar nevertheless told her he will continue to contact her and try his best to get the charges dismissed.

25. Officer Salazar continued to harass Plaintiff by telephone on several other occasions while the criminal charges were pending and has also directly contacted her fifteen year-old daughter.

26. The criminal charges filed against Plaintiff by Officer Salazar were dismissed.

4

27. As a result of the sexual assault, harassment, and intimidation, Plaintiff has suffered significant emotional distress and continues to receive counseling.

28. Plaintiff complained of Officer Salazar's conduct to the New Mexico State Police.

29. The New Mexico State Police initiated a criminal investigation against Officer Salazar and took custody of her cell phone for analysis.

30. Plaintiff has cooperated in the New Mexico State Police investigation of Officer Salazar.

31. On information and belief, despite the highly inappropriate recorded telephone calls to Plaintiff, Officer Salazar was not disciplined and no criminal charges have been filed against him.

## FIRST CAUSE OF ACTION

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. SECTION 1983

32. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in Paragraphs 1 through 31 of this Complaint.

33. Pursuant to the constitutional protections of the Fourth Amendment, Plaintiff has a right to be free from unreasonable seizures by law enforcement officers.

34. Defendant Officer Salazar violated Plaintiff's Fourth and Fourteenth Amendment rights by committing the act of sexual assault and battery on her while she was in his custody and by sexually harassing Plaintiff while criminal charges were pending.

35. As a direct and proximate cause of Defendant Salazar's conduct, Plaintiff suffered significant emotional distress.

36. As a result of the constitutional deprivation suffered by Plaintiff at the hands of the Defendant, Plaintiff is entitled to damages in an amount not presently determinable but to be proven at the time of trial.

37. Due to the egregious nature of Defendant's conduct, Plaintiff seeks punitive damages against said Defendant as may be allowed by law. Further, Plaintiff is entitled to an award of attorneys' fees pursuant to 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

## ASSAULT/BATTERY UNDER THE NEW MEXICO TORT CLAIMS ACT

38. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

39. During her arrest, Defendant touched Plaintiff in an unlawful manner and without her legal consent.

40. As a direct result of Defendant's conduct, Plaintiff has suffered damages including but not limited to emotional distress.

41. Due to the egregious nature of Defendant's conduct, Plaintiff seeks punitive damages against said Defendant as may be allowed by law.

## THIRD CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT JOHN DOES IN THEIR INDIVIDUAL CAPACITIES

42. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in Paragraphs 1 through 41 of this Complaint.

43. Defendants had a duty to properly screen, supervise, educate, and train its employees regarding the proper treatment of detainees and the treatment of criminal defendants including their right to be free from physical assault, their constitutional protections during detainment, and their constitutional protections while criminal charges are pending.

44. Defendants were put on notice of Officer Salazar's conduct and have been provided a copy of the recorded conversations between Officer Salazar and Plaintiff. Defendants were also provided with Ms. Santos' cell phone for analysis and witnesses have provided statements to the Officer Salazar's supervisors.

45. On information and belief, Defendants have failed to discipline Officer Salazar accordingly and he is still employed by the New Mexico State Police thus condoning his conduct.

46. Defendants' failure to properly train and supervise its employees, contractors, or agents in such a manner as alleged above directly caused damages to Plaintiff.

47. Defendants are also liable for damages caused by their employees while working within the scope of their employment in an amount not presently determinable but to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### AGAINST DEFENDANT CARLOS SALAZAR
### VIOLATION OF ARTICLE II, SECTIONS IV AND X
### OF THE NEW MEXICO CONSTITUTION

48. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in Paragraph 1 through 47 of this Complaint.

49. Pursuant to the New Mexico constitutional protections of Article II, Section IV, Plaintiff has inherent and inalienable rights including the right to enjoying life and liberty and to seek and obtain safety and happiness.

50. Pursuant to the New Mexico constitutional protections of Article II, Section X, Plaintiff has a right to be secure in her person and in her home from unreasonable search and seizures.

51. Defendant Officer Salazar violated Plaintiff's rights under these provisions by sexually assaulting, battering, and harassing Plaintiff during and after her arrest.

52. As a direct result of Defendant's conduct, Plaintiff has suffered damages including but not limited to emotional distress.

53. Due to the egregious nature of Defendant's conduct, Plaintiff seeks punitive damages against said Defendant as may be allowed by law.

## FIFTH CAUSE OF ACTION

### VIOLATION OF RIGHT TO COUNSEL PROTECTED UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND NEW MEXICO CONSITUTION ARTICLE II, SECTION XIV

54. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in Paragraph 1 through 53 of this Complaint.

55. During the recorded conversations between Defendant Officer Salazar and Plaintiff, which occurred while the criminal charges were pending, Plaintiff informed Defendant Salazar that she was represented by counsel.

56. Although Defendant Officer Salazar was put on notice of Plaintiff's representation by counsel, Defendant Officer Salazar instructed or ordered Plaintiff not to speak with her attorney.

57. Defendant Officer Salazar informed Plaintiff that when the time came to speak with her attorney, he would do the talking.

58. On information and belief, Defendant Officer interfered with Plaintiff's right to counsel in an attempt to cover up his misconduct.

59. As a direct result of Defendant's conduct, Plaintiff has suffered damages including but not limited to emotional distress.

60. Due to the egregious nature of Defendant's conduct, Plaintiff seeks punitive damages against said Defendant as may be allowed by law.

## PUNITIVE DAMAGES

61. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in Paragraphs 1 through 60 of this Complaint.

62. The acts and omissions complained of in the five Causes of Action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Plaintiff, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, punitive damages or exemplary damages to punish and deter these type of acts from occurring in the future may well be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray's that Judgment be entered in their favor and against Defendants in an amount to be proven at the time of trial for all of their damages, compensatory and other, including but not limited to punitive damages, for costs associated with the bringing of this cause of action, for their reasonable attorney fees as

allowed by law, for pre-judgment interest and post-judgment interest, and for such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff exercises her right to have her claims heard by a jury.

Respectfully submitted,

THE LAW OFFICE OF RICHARD A. SANDOVAL

/s/ electronically filed
---
Richard A. Sandoval
200 West DeVargas, Suite 7
Santa Fe, New Mexico 87501
Fax 1(866) 496-9638
Telephone (505) 795-7790

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/5/2012 11:48:48 AM
STEPHEN T. PACHECO

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

JUCILIA CONCEICAO SANTOS

No. D-101-CV-2012-01588

                  Plaintiff,                           lmp

vs.

CARLOS SALAZAR, in his individual
and official capacity as a New Mexico State
Police Officer, JOHN DOES 1 - 10, in their
individual and official capacities 1 – 10,

                  Defendant.

## SUMMONS

TO:    CARLOS SALAZAR        **ISSUED**
         4491 Cerrillos Road
         Santa Fe, NM 87507-9721

Defendant(s) Greetings:

        YOU ARE HEREBY directed to serve a pleading or motion to the Amended Complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

        You are noticed that, unless you serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for relief demanded in the Complaint.

Attorneys for the Plaintiff:    Richard A. Sandoval
                                          200 West DeVargas, Suite 7
                                          Santa Fe, NM 87501
                                          Telephone: (505) 795-7790
                                          Facsimile: 1 (866) 496-9638

        WITNESS the Honorable Barbara J. Vigil District Judge of the First Judicial District Court of said County, this 5th day of June, 2012.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _Rachel Vannoy_____
      Deputy

NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you. If you want the advice of a lawyer and don't know one, you may wish to call The State Bar Statewide Lawyer Referral Service at 797-6047.

STATE OF NEW MEXICO            )
                               )ss.
COUNTY OF _____      )

RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:
    I certify that I served the within Summons in said County on the _____ day of _____ 2007, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE:
    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County of the ___ day of ____, 2007, be delivering a copy thereof, with copy of Amended Complaint, First Set of Interrogatories and Request for Production attached, in the following manner:

(check one box and fill in appropriate blanks)
[ ] To Defendant _____ (used when Defendant receives copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)
[ ] To _____, a person over the age of 15 years and residing at the usual place of above of Defendant _____, who at the time as such service was absent therefrom.
[ ] By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)
[ ] To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incapacitated person.)
[ ] To _____, _____
       (name of person)     (title of person authorized to receive service)
(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

Fees:
_____Signature of Private Citizen Making Service

SHERIFF OF _____ COUNTY      Subscribed and sworn to before me
State of New Mexico              this _____ day of _____, 2012

_____
By: _____      _____
      Deputy                             Notary or Other Officer
                                         Authorized to Administer Oaths

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jucilia Conceicao Santos

## DEFENDANTS
Carlos Salazar, in his individual and official capacity as a New Mexico State Police Officer, John Does 1-10, in their individual capacity and official capacities 1-10.

**(b)** County of Residence of First Listed Plaintiff: **Santa Fe**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Sandoval**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard A. Sandoval, The Law Office of Richard A. Sandoval, 200 West DeVargas, Ste. 7, Santa Fe, NM 87501 (505) 795-7790

Attorneys (If Known)
Christopher T. Saucedo, SaucedoChavez, P.C., POB 1886, Albuquerque, NM 8710-1886 (505) 338-3945 (Attorney for Defendant Carlos Salazar)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Allegations of unreasonable seizure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

**EXHIBIT B**

DATE: 09/07/2012

SIGNATURE OF ATTORNEY OF RECORD: /s/ Christopher T. Saucedo

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____